UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: MICHELLE SHAW
FULTON

CIVIL ACTION

NO: 06-2942

SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is an appeal of a final Order Sustaining Objection to Proof of Claim from the Bankruptcy Court filed by Appellant BMW Financial Services, NA LLC ("BMWFS"). BMWFS seeks review of this February 16, 2006 order, which sustained an objection made by Appellee Michelle Shaw Fulton ("Fulton") to a claim and reduced the amount of the claim. Fulton has filed a responsive brief to this appeal. For the following reasons, the Court finds that the order of the Bankruptcy Court should be reversed.

## Background

BMWFS filed a general, unsecured claim in the bankruptcy proceeding instituted by Fulton in the amount of $13,487.24. This claim was designated as Claim No. 1 and was purportedly based on Fulton's un-paid pre-petition balance with BMWFS for the lease of a 1997 BMW M3. This vehicle was surrendered by Fulton and was later sold at auction for $18,700. Because the sale did

not satisfy the indebtedness owed by Fulton to BMWFS, BMWFS filed
Claim No. 1.  As an addendum to claim No. 1, BMWFS attached a
letter that purportedly set forth the deficiency balance on
Fulton's account.  BMWFS claims that the letter was computer
generated and mistakenly had the wrong name and amount in the
greeting section of the letter.  The letter's address section was
correct, as was the account number.  Fulton filed an objection to
Claim No. 1, arguing that the claim had been incorrectly filed in
her case as the name on the attached letter was not her name.
The objection was not opposed by BMWFS, and the bankruptcy court
sustained the objection.

     BMWFS then filed Claim No. 4 in the amount of $12,987.24, to
amend Claim No. 1, after it became aware of the errors.
Thereafter, Fulton filed a second Objection to Claim, this time
objecting to BMWFS's Claim No. 4.  Fulton set forth concerns
about the accuracy of the amount in light of the previously filed
defective claim. BMWFS filed a response to the second objection,
and a hearing was held.  In open court, Fulton's attorney argued
that Fulton was no longer responsible for the deficiency for two
reasons.  He argued that Fulton carried out the term of her 30-
month lease and terminated the lease in the 31st month.
Therefore, Fulton's attorney contended that according to section
17 entitled "Scheduled Termination Liability," Fulton was not
responsible for the difference between the amount realized from
the sale of the leased vehicle and the estimated residual value

set forth in the lease agreement.  Fulton's attorney also argued
that Fulton was no longer responsible for the deficiency balance
on the account based on a letter which he presented to the Court
from BMWFS to Fulton. (See letter attached to February 16, 2006
Order).  The letter stated, "[y]our account has been updated to
reflect the bankruptcy discharge and is in closed status."  <u>Id.</u>
Based on this letter, the bankruptcy judge sustained the second
objection and reduced the amount of debt owed to BMWFS to
$2,151.00, the amount previously scheduled by Fulton. Thereafter,
BMWFS filed a motion to reconsider, which was denied by the
bankruptcy court.  BMWFS has now appealed.

**<u>Arguments of the Parties</u>**

In its appeal brief, BMWFS argues that it filed Claim No. 4
timely and properly.  BMWFS contends that it attached proof of
claim no. 4, which constituted prima facie evidence of the
validity and amount of the claim, in accordance with Rule 3001(f)
of the Federal Rules of Bankruptcy Procedure.  Specifically,
BMWFS filed a copy of the Lease Agreement and a copy of the Sale
Contract to prove the basis of the debt and to prove that the
sale of the vehicle did not satisfy the debt owed by Fulton.
Next, BMWFS asserts that the burden of proof as to the amount of
the claim then shifted to Fulton, who did not carry her burden.

At the hearing, Fulton contended that she owed nothing to
BMWFS based on a letter she had received from it, which stated
that she was no longer liable for the deficiency balance.  BMWFS

argues that this letter was sent to Fulton at her request and properly applies bankruptcy law, which provides that an order of discharge removes all personal liability from the debtor for debts that arose before the date of the order for relief. BMWFS argues that the letter only indicates that Fulton is not personally liable for the deficiency balance; the letter does not preclude BMWFS from retaining a properly filed proof of claim in the bankruptcy proceeding and seeking to recover a distribution from the estate. Thus, BMWFS argues that the Bankruptcy court erred in relying on the letter submitted by Fulton as evidence that rebutted the prima facie evidence of the validity and amount of the claim provided by BMWFS. BMWFS contends that the letter, which was generated at Fulton's request, does not rebut BMWFS's detailed proof of claim in the amount of $12,987.24 based upon the lease agreement and other evidence submitted.

**Discussion**

**A. Jurisdiction**

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001. See 28 U .S.C. § 158(a); Fed. R. Bankr. P. 8001.

**B. Standard of Review**

The standard of review for a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. See 28 U.S.C. § 158(c)(2). Accordingly, the Court reviews the bankruptcy court's conclusions of law de novo,

findings of fact for clear error, and mixed questions of law and fact de novo. See In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir.2000).

## C. Burden of Proof

Under Bankruptcy Rule 3001(f), properly filing a proof of claim constitutes prima facie evidence of the claim's validity. Fed. R. Bankr. 3001(f); see also In re O'Connor, 153 F.3d 258, 260 (5th Cir.1998). The objecting party must then produce evidence rebutting the claim or else the claimant will prevail. In re Fidelity Holding Company, Ltd., 837 F.2d 696, 698 (5th Cir. 1988) (citing In re WHET, Inc., 33 B.R. 424, 437 (D.Mass. 1983)). If, however, the objecting party presents evidence rebutting the claim, then the claimant must produce additional evidence to "prove the validity of the claim by a preponderance of the evidence." Id. The ultimate burden of proof always rests upon the claimant. Id.; see also In re Schwegmann Giant Supermarkets Partnership, 264 B.R. 823, 827 (E.D.La.2001) ("The burden of proof … is borne by the same party who would bear the burden if the contest took place outside of bankruptcy.").

Here, the bankruptcy judge concluded that Fulton had raised a question as to the validity of claim no. 4, based on the letter she submitted from BMWFS indicating that Fulton was no longer liable for the deficiency balance.  The bankruptcy court determined that this letter properly rebutted BMWFS's proof of claim.  However, it appears the bankruptcy court misinterpreted

this letter, which did not actually rebut BMWFS's claim.  The
letter did not rebut the supporting material attached to claim
no. 4, which included a copy of the Lease Agreement and a copy of
the Sale Contract, proving the basis of the debt and showing that
the sale of the leased vehicle did not satisfy the debt owed by
Fulton to BMWFS.

In fact at the first hearing, Fulton's attorney incorrectly
argued that Fulton's lease was a thirty-month lease and that she
had carried out the term of her lease when it was terminated
after thirty one months.  This is incorrect as the lease
indicates that Fulton's lease was actually a thirty-six month
lease, which was terminated early after only thirty-one months.
Accordingly, the terms in section 16 entitled "Early Termination"
apply and clearly allow BMWFS to seek the amount for which it
claims in claim no. 4, including the difference between the
estimated residual value of the vehicle and the actual value of
the vehicle (or the price for which it sold).

Therefore, this Court concludes that the bankruptcy court
committed an error of law when it sustained Fulton's objection to
claim no. 4. First, the letter did not preclude BMWFS from filing
a proof of claim in the bankruptcy proceeding, seeking to recover
a distribution from the bankruptcy estate.  Instead, the letter
only indicated that Fulton was no longer personally liable for
the balance due on the account.  Second, the terms of the lease
agreement dealing with early termination indicate that BMWFS is

6

in fact entitled to the amount it seeks from Fulton.  Thus, the proof of claim should not have been reduced to the scheduled amount of $2,151.00, and instead, Fulton's objection to BMWFS's claim no. 4 should have been denied.  Accordingly;

**IT IS ORDERED** that the February 16, 2006 order of the Bankruptcy Court should be and is hereby **REVERSED**.

New Orleans, Louisiana, this 29th day of March, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE